## JEAN M. LOUD vs. THOMAS A. LOUD.

Plymouth. April 5, 1982. — June 8, 1982.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Divorce and Separation,* Division of property. *Constitutional Law,* Self-incrimination. *Witness,* Self-incrimination. *Waiver.*

A division of property incident to a divorce proceeding pursuant to G. L. c. 208, § 34, awarding two thirds of the marital property to the wife and one third to the husband, was supported by the evidence and the judge's findings of fact. [474-475]

There was no merit to the contention made by the husband in a divorce proceeding that the judge's finding on the husband's conduct during the marriage was improper because it was based on evidence admitted in violation of his privilege against self-incrimination, where the husband's counsel had explained the privilege against self-incrimination to him and the husband chose to answer questions asked by the wife's counsel about the husband's cohabitation with other women while married. [475-476]

COMPLAINT for divorce filed on October 25, 1977, in the Probate Court for the county of Plymouth.

The case was heard by *Murphy, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*John J. Perenyi (Edna Clark* with him) for the defendant.
*Paul J. Sullivan* for the plaintiff.

NOLAN, J. Jean M. Loud (wife) filed a complaint seeking a divorce from Thomas A. Loud (husband) on the ground of cruel and abusive treatment. The Probate Court judge granted the divorce and as part of the judgment ordered that the wife receive two thirds of the marital property and that the husband receive one third. The husband appeals from the division of property arguing that it was based on

findings of fact which are not supported by the evidence or which are based on evidence admitted in violation of the husband's privilege against self-incrimination. There was no error.

The judge made the following findings of fact. The parties were married on May 13, 1972, and have one child. They were married for approximately eight and one-half years. In 1975 the husband moved out of the marital home on three occasions, staying away for periods ranging from a few weeks to a few months. He moved out of the home permanently on January 19, 1977. During these absences from the marital home, the husband lived with other women. His wife became very upset, lost weight, and consulted a physician. The principal marital asset of the parties is their home, which they own jointly. They stipulated that it had a fair market value of $35,000. At the time of the hearing, the husband was employed as an assistant store manager with a gross income of $360 per week. The wife worked part-time in a restaurant and had a gross income of $48 per week. The judge considered separately each factor set forth in G. L. c. 208, § 34, and concluded that the jointly held real and personal property should be divided with two thirds to the wife and one third to the husband. The wife was awarded custody of the minor child.

The husband argues that the judge's division of the property is not supported by the findings. We disagree. General Laws c. 208, § 34, confers broad powers on the court to make an equitable division of property incident to a divorce proceeding. The judge, consistent with his obligation under G. L. c. 208, § 34, made findings on each of the factors enumerated in the statute. See *Bianco* v. *Bianco*, 371 Mass. 420, 422-423 (1976). Once a judge has considered the enumerated factors, he must use his discretion in assigning the estate assets. *Rice* v. *Rice*, 372 Mass. 398, 400-401 (1977). *Ross* v. *Ross*, 385 Mass. 30, 36 (1982). The judge's division of the property here was well within the bounds of his discretion. We have examined the record and observe

that the judge's findings are amply supported by the evidence.[1]

The husband contends that the evidence and findings do not support the award of two thirds of the marital property to the wife. The primary basis for the husband's contention seems to be that he performed an extensive amount of work on the parties' first marital home, thereby enhancing its value. Since the parties sold this home and applied the proceeds towards the purchase of the present home, he contends that he is entitled to a larger share of the equity in the present home. It is evident from the findings that the judge considered the husband's physical contribution to the value of the first home. However, this was only one of the factors that was considered. Many of the other factors considered cut the other way, such as the wife's contributions as a homemaker, having total responsibility for the minor child, the wife's much lower earning capacity, and the husband's conduct during the marriage. All of the findings taken together, which are supported by the evidence, fully support the judge's division of the property. See *Ross, supra* at 37.

The husband also contends that the judge's finding on his conduct during the marriage is improper because it is based on evidence admitted in violation of his privilege against self-incrimination. He contends that his answers to questions concerning his cohabiting with other women during his marriage exposed him to prosecution for the crime of lascivious cohabitation, G. L. c. 272, § 16, and furnished links in the chain of evidence needed to prosecute him for the crime of adultery, G. L. c. 272, § 14. The short answer

---

[1] This matter was first heard on March 8, 1978, without a stenographer being present. At the conclusion of the first hearing, the parties reported to the judge that they had reached an agreement and would file the agreement with the court within three weeks. Since the agreement was never filed with the court, a second hearing was held before the same judge on February 6, 1980, on the issue of the division of the marital property. We have before us the transcript of the second hearing. The judge states in his findings that he considered the evidence from both hearings. We note that the transcript from the second hearing supports the judge's findings in all material respects.

to the husband's argument is that, if the privilege were applicable to him,[2] he waived it by answering the questions put to him by the wife's counsel. When the wife's counsel first asked the husband whether he dated other women during the marriage, the husband's counsel objected on the ground that the answer would tend to incriminate the husband. Counsel stated to the judge that he had explained the privilege against self-incrimination to his client but that his client wanted to answer the question even though it might incriminate him. The judge overruled counsel's objection to the question and the husband answered it. Later, the wife's counsel asked the husband if he had lived with other women while married. The judge overruled the objection to the question and the husband answered it. There was no error in the admission of the evidence. By answering the questions the husband waived any privilege he may have had. *Taylor* v. *Commonwealth*, 369 Mass. 183, 189 (1975), and cases cited. The judge was not obligated to instruct the husband that he need not answer the questions because it is manifest that the husband was not "ignorant, misinformed or confused about his rights." *Id.* at 192. This is especially true in light of the fact that the husband's counsel informed the judge that he had already explained the privilege to his client. The husband's testimony was properly considered by the judge in his report because it was relevant to the parties' conduct during the marriage. *Ross* v. *Ross*, 385 Mass. 30, 37 (1982).

*Judgment affirmed.*

---

[2] As the Appeals Court pointed out in *Fort* v. *Fort*, 12 Mass. App. Ct. 411, 416 (1981), these crimes are "never, or substantially never, made the subject of prosecution." Nevertheless, their prohibitions remain and we do not base our decision on a belief that they are without effect.