ROBERT C. CABOT *vs.* CAROLINE K. CABOT. April 23, 1984. *Divorce and Separation,* Division of property.

Both parties have appealed from the pecuniary components of a divorce judgment. Each of the partners to the marriage, which lasted twelve years, came from privileged circumstances and brought to the marriage significant inherited wealth.

1. No error attended exclusion by the probate judge of an actuary's opinion of the present value of the earning capacity of the husband and wife, respectively, until each reached the age of sixty-five. The wife offered that evidence so that the judge, in making an equitable division of property under G. L. c. 208, § 34, might consider the present value of income potential as a marital asset. In *Dewan* v. *Dewan*, 17 Mass. App. Ct. 97, 99-102 (1983), we had occasion to observe that, in making equitable division of property in a divorce case, a judge was not required to accept evidence of the present value of future pension rights, in large measure because that value was not a liquid asset and the amount to be received was speculative. Uncertainty is surely more acute in the case of future earnings of individuals because their amount and duration are susceptible to a greater number of variables than are pensions. Not the least of the variables concerning earnings is that they may not be achieved because of death, illness, or simply market factors. For purposes of making an equitable division of assets, therefore, a probate judge may properly decline to consider the present value of the earning prospects of the husband and wife as marital *assets*. Some courts, which have considered the question in connection with the value of professional training, call attention to the anomaly of treating the value of post-marital efforts of either spouse as assets acquired during the marriage. See *In re Marriage of Aufmuth*, 89 Cal. App. 3d 446, 461 (1979) (overruled on other grounds, *In re Marriage of Lucas*, 27 Cal. 3d 808, 815 [1980]); *DeWitt* v. *DeWitt*, 98 Wis. 2d 44, 53-55 (1980). Cf. *Graham* v. *Graham*, 194 Colo. 429, 431-433 (1978). Declining to treat the present value of future earnings as an asset is not inconsistent with considering, as to each spouse, when making an order under § 34, the amount and sources of income and the opportunity of each for future acquisition of capital assets and income. Indeed, as the judge observed, he took the husband's earning capacity into account in the order for alimony and support. See *In re Marriage of Aufmuth, supra* at 461.

2. The fundamental objection which the wife makes to the probate judge's division of assets is that the wife exits from the marriage with a lower percentage of aggregate marital assets than that with which she entered the marriage. What the judge did was to order: unallocated alimony and child support in the amount of $30,000 per year (with adjustments for inflation and upon the occurrence of specified events); maintenance by the husband of health insurance for the wife and the minor children; occupancy by the wife of the not inconsiderable marital home; payment to the wife of half the net proceeds of the marital premises when they were sold; an additional lump sum payment to the wife of $25,000 on the sale of the marital premises; division of a tax refund to be received; and division of property which the couple owned in Vermont. Beyond that, each of the parties was to keep her or his property, much of which consisted of securities held in trusts. How close this came to leaving the parties in parity with their original status in the marriage is a subject about which there can be

rational, but inconclusive, contention, as the briefs of the parties make manifest. The judge expressly found the marriage had been a joint enterprise, but that finding does not automatically translate into a financial formula. There is no requirement in G. L. c. 208, § 34, or cases under it, of precise parity in equitable division of marital assets. Indeed, the fourth sentence of § 34, as appearing in St. 1977, c. 467, in contrast to the mandatory factors which appear in the third sentence, makes consideration of "the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates . . . " a matter of the court's discretion. *Belsky* v. *Belsky*, 9 Mass. App. Ct. 852 (1980). See *Rice* v. *Rice*, 372 Mass. 398, 401 (1977); *King* v. *King*, 373 Mass. 37, 39 (1977); *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 12-14 (1977). As in *Belsky*, this is not a case where the wife is left only marginally independent. Contrast *Zildjian* v. *Zildjian*, 8 Mass. App. Ct. 1, 15 (1979). Here the judge made careful findings as to each of the mandatory factors, as well as the discretionary ones set out in § 34. *Loud* v. *Loud*, 386 Mass. 473, 474 (1982). *Newman* v. *Newman*, 11 Mass. App. Ct. 903 (1981). *Caldwell* v. *Caldwell*, 17 Mass. App. Ct. 1032 (1984). As we called to attention in the last case, what weight a judge chooses to give to each of the factors is a matter of discretion, and no specific formula governs formulation of an equitable judgment. Here the probate judge was required to consider relatively complex estates, voluntary diminutions of the wife's estate for reasons unrelated to the marriage (e.g. a transfer of approximately $157,000 to her estranged mother) and the tax implications of his order. See *Sheskey* v. *Sheskey*, 16 Mass. App. Ct. 159, 161 (1983). He exercised his discretion with skill.

3. The husband appeals from so much of the order as allocated to the wife half of the net value of the marital home, plus $25,000. His argument is premised in major part on the lack of the wife's contribution to the husband's assets. That, as we have observed above, is not a critical consideration. The judge was also entitled to factor into the equation his finding that the wife had, during the marriage, used some of her property and her labor in a manner which enhanced her husband's estate. A second claim of error urges that the after-tax cost to the husband of a support order of $900 per month per child (i.e., $1,800), should the wife remarry, is greater than the $2,500 per month of unallocated alimony he is required to pay so long as she does not remarry. The husband may be right as to the tax consequences to him, but is mistaken in saying that it is beyond the discretion of a probate judge to impose such a burden in an order for alimony and child support. It is quite plain from the record that the tax consequences were not lost on the probate judge. The same is to be said concerning the tax consequences to the parties from the sale of the marital home, when it occurs. The relevant considerations were forcefully called to the judge's attention and, in light of the general awareness of tax factors which he

displayed, there is no reason to suppose he did not consider those arising from the future house sale.

*Judgment affirmed.*

*J. Owen Todd* for Caroline K. Cabot.
*Joseph H. Walsh* for Robert C. Cabot.