## MARK JOSEPH DRAPEK *vs*. CELIA MAE DRAPEK.

Norfolk. November 3, 1986. — February 17, 1987.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Divorce and Separation,* Division of property, Alimony, Counsel fees.

In a proceeding for divorce, the husband's medical degree, which he had acquired during the marriage, and the resulting increase in his earning capacity, although properly subject to the judge's consideration in fixing an award of alimony and an assignment of assets, were not in themselves a part of the husband's "estate" which the judge could assign to the wife in addition to an award of alimony. [243-246]

Where the judge who heard a divorce proceeding had incorrectly treated the husband's medical degree, acquired during the marriage, and his enhanced earning capacity as part of his "estate" subject to assignment to the wife pursuant to G. L. c. 208, § 34, this court remanded the case for the judge to reconsider both the alimony award and the assignment of assets. [246]

In a divorce proceeding the judge appropriately considered under G. L. c. 208, § 34, the wife's financial contributions to the husband's attaining his medical degree, which he acquired during the marriage, as well as her contribution of homemaking services, and the judge proceeded correctly in assigning a monetary value to the latter based on expert testimony. [246-247]

In a divorce proceeding no significant error appeared in the judge's factual findings as to the wife's financial contributions and as to the value of the husband's homemaking services. [247]

In a divorce proceeding the judge acted within his discretion in awarding the wife a percentage of the husband's income or, alternatively, a fixed minimum sum, payable in monthly instalments during the five years that the judge estimated the wife would require to rehabilitate her job skills. [247-248]

In a divorce proceeding the judge acted within his discretion in declining to award counsel fees to the wife. [248]

COMPLAINT for divorce filed in the Norfolk Division of the Probate and Family Court Department on February 15, 1983.

The case was heard by *Sumner Z. Kaplan,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Gene D. Dahmen* (*Jon Edwards* with her) for the plaintiff.

*J. Russell Hodgdon* for the defendant.

LYNCH, J. Mark Joseph Drapek appeals from a judgment of divorce nisi granting Celia Mae Drapek a divorce and ordering Mark to pay Celia $42,024.50 in annual installments, and 9.35% of his gross earnings or $60,000 whichever is greater, for a period of sixty months. His wife also appeals. Judgment of divorce nisi was originally granted on April 11, 1984. On August 17, 1984, the judgment of April 11, 1984, was vacated and an amended judgment was entered clarifying that the husband's payment of 9.35% of his gross earnings was to be considered alimony terminating at death or remarriage of the wife, but changing the payment from 9.35% of gross earnings to 9.35% of gross earnings or $60,000, whichever is greater.

The Probate Court judge found the following facts: The parties were married for approximately eight years. At the time of the divorce Mark was twenty-eight years old, Celia was twenty-seven years old. During the marriage, the husband obtained his medical degree while the wife worked to support the household and also provided the bulk of the homemaking services. During the marriage the wife's financial contributions exceeded the husband's by $8,534. The joint funds of the marriage were used to pay the husband's tuition. The judge determined that one-half of the husband's tuition expense, plus the amount that the wife's financial contribution exceeded the husband's was the wife's excess financial contribution which he calculated to be $22,024.50. At the time of the divorce, the husband was employed as a senior resident in internal medicine at University Hospital in Boston; the wife was temporarily employed as a service representative with New England Telephone Company.

The husband primarily challenges the judge's finding that the "husband's estate consists of: . . . A license to practice medicine through which I find he is capable of earning the median salary for physicians . . . ." The judge did not decide whether the degree was "property" but did characterize it as

"part of [the husband's] estate and its future worth, while perhaps not presently determinable, is capable of being equitably assigned."

In order to enable the wife to rehabilitate her own skills and to compensate her for contributing to her husband's career, the judge decided that she is entitled to participate in her husband's increased earning capacity "at least until such time as she has been rehabilitated and self sufficient." He therefore ordered the husband to pay the wife $42,024.50 ($22,024.50 excess financial contribution and $20,000 value of homemaker services), plus 9.35% of his gross earnings for five years.

Mark contends that the judge erred in finding that Mark's medical degree and resulting increased earning capacity were part of his estate subject to equitable assignment under G. L. c. 208, § 34.[1] He further contends that the judge erred in awarding Celia a lump sum for her excess financial contributions and homemaking services; that the factual findings regard-

---

[1] General Laws c. 208, § 34 (1984 ed.), provides: "Upon divorce or upon a complaint in an action brought at any time after a divorce, whether such a divorce has been adjudged in this commonwealth or another jurisdiction, the court of the commonwealth, provided there is personal jurisdiction over both parties, may make a judgment for either of the parties to pay alimony to the other. In addition to or in lieu of a judgment to pay alimony, the court may assign to either husband or wife all or any part of the estate of the other. In determining the amount of alimony, if any, to be paid, or in fixing the nature and value of the property, if any, to be so assigned, the court, after hearing the witnesses, if any, of each party, shall consider the length of the marriage, the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court may also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates and the contribution of each of the parties as a homemaker to the family unit. When the court makes an order for alimony on behalf of a spouse, and such spouse is not covered by a private group health insurance plan, said court shall determine whether the obligor under such order has health insurance on a group plan available to him through an employer or organization that may be extended to cover the spouse for whom support is ordered. When said court has determined that the obligor has such insurance, said court shall include in the support order a requirement that the obligor exercise the option of additional coverage in favor of such spouse."

ing Celia's excess financial contributions and Mark's home-making contributions were clearly erroneous; and that the amount of the alimony awarded was an abuse of discretion. Celia contends that the judge did not err except that he failed to include the totality of her financial contributions. She further contends that the judge abused his discretion in awarding too low an amount of alimony and in denying her request for an award of counsel fees.

General Laws c. 208, § 34, confers broad discretion on a judge in awarding alimony and making equitable property divisions. *Loud* v. *Loud,* 386 Mass. 473, 474 (1982). *Rice* v. *Rice,* 372 Mass. 398, 400-401 (1977). *Newman* v. *Newman,* 11 Mass. App. Ct. 903 (1981). Under the statute, the trial judge *must* consider "the length of the marriage, the conduct of the parties during the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income." G. L. c. 208, § 34 (1984 ed.).

In addition to the mandatory factors, the judge may, in his or her discretion consider "the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates and the contribution of each of the parties as a homemaker to the family unit." *Id.* The judge's findings must indicate that he or she has weighed all the statutory factors. *Loud* v. *Loud, supra. Bianco* v. *Bianco,* 371 Mass. 420, 423 (1976).

1. *Mark's medical degree as part of his estate under G. L. c. 208, § 34 (1984 ed.).* General Laws c. 208, § 34 (1984 ed.), provides: "In addition to or in lieu of a judgment to pay alimony, the court may assign to either husband or wife all or any part of the estate of the other." Under Massachusetts law "[a] party's 'estate' by definition includes all property to which he holds title, however acquired. Therefore, this provision gives the trial judge discretion to assign to one spouse property of the other spouse whenever and however acquired." *Rice* v. *Rice, supra* at 400, citing *Bianco* v. *Bianco, supra* at 422. Mark argues that because his professional degree is not an asset of the

marriage subject to equitable assignment the lump sum award of $42,024.50 should be set aside.

The Appeals Court has held that a judge may decline to treat as a marital asset the present value of future earning potential. *Cabot* v. *Cabot,* 18 Mass. App. Ct. 903, 904 (1984). That court reasoned that future earnings were too speculative and subject to variables the least of which being that they may never be achieved due to "death, illness, or simply market factors." *Id.* Earning capacity, however, could be considered in awarding alimony. *Id.*

We agree that the present value of future earned income is not subject to equitable assignment under G. L. c. 208, § 34. To adopt a rule that would subject such an item to distribution upon divorce would foreclose consideration of the effect of future events on the individual's earning capacity. Unlike alimony, a property settlement is not subject to modification. See G. L. c. 208, § 37;[2] *Dumont* v. *Godbey,* 382 Mass. 234, 238 (1981). See also *Mahoney* v. *Mahoney,* 91 N.J. 488, 498 (1982). The judge may, of course, consider the earning capacity of both parties in determining an award of alimony, or assignment of estate pursuant to G. L. c. 208, § 34. See *Schuler* v. *Schuler,* 382 Mass. 366, 373-374 (1981); *Rice* v. *Rice, supra* at 402; *Cabot* v. *Cabot, supra* at 904. See also G. L. c. 208, § 34. Since assigning a present value to a professional degree would involve evaluating the earning potential created by that degree, we also decline to include the professional degree or license as a marital asset subject to division under G. L. c. 208, § 34.

This appears to be the prevailing view in other jurisdictions. Only one jurisdiction has held that a professional license is property subject to equitable distribution pursuant to the State's domestic relations laws. *O'Brien* v. *O'Brien,* 66 N.Y.2d 576

---

[2] General Laws c. 208, § 37 (1984 ed.), provides in pertinent part: "After a judgment for alimony or an annual allowance for the spouse or children, the court may, from time to time, upon the action for modification of either party, revise and alter its judgment relative to the amount of such alimony or annual allowance and the payment thereof, and may make any judgment relative thereto which it might have made in the original action."

(1985). That decision was based upon a statute in which the court found a clear mandate by the Legislature to include an interest in a profession or professional career as marital property. *O'Brien* v. *O'Brien, supra* at 585-586.[3]

General Laws c. 208, § 34 (1984 ed.), does not contain such a mandate. It merely requires consideration of various factors including "amount and sources of income" and "the opportunity of each for future acquisition of capital assets and income" and allows consideration of "the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates and the contribution of each of the parties as a homemaker to the family unit." *Id.*

As noted above, the prevailing view is that a professional license or degree is not property subject to equitable distribution upon divorce or dissolution. See, e.g., *Graham* v. *Graham,* 194 Colo. 430 (1978); *Hughes* v. *Hughes,* 438 So.2d 146, 150 (Fla. Dist. Ct. App. 1983); *Marriage of Janssen,* 348 N.W.2d 251, 253-254 (Iowa 1984); *Inman* v. *Inman,* 648 S.W.2d 847, 852 (Ky. 1983); *Olah* v. *Olah,* 135 Mich. App. 404, 410 (1984); *Grosskopf* v. *Grosskopf,* 677 P.2d 814, 822 (Wyo. 1984). Many courts that have so held, however, have further held that the earning capacity of the degree holder and the contributions of the nondegree holder may be considered in awarding alimony and in dividing property. See, e.g., *Graham, supra* at 433; *Lovett* v. *Lovett,* 688 S.W.2d 329 (Ky. 1985), citing *Inman, supra; Olah, supra* at 410; *Grosskopf, supra* at 823.

---

[3] New York Domestic Relations Law § 236(B) (McKinney's Supp. 1986) allows for consideration of "any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of such marital property by the party not having title, including joint efforts or expenditures and contributions and services as a spouse, parent, wage earner and homemaker, and to the career or career potential of the other party [and]. . . the impossibility or difficulty of evaluating any component asset or any interest in a business, corporation or *profession* . . . ." *Id.* at § 236 (B)(5)(d)[6], [9] (emphasis added). It further provides that where the court "shall determine that an equitable distribution is appropriate but would be impractical or burdensome or where *the distribution of an interest in a business, corporation or profession* would be contrary to law, the court in lieu of such equitable distribution shall make a distributive award in order to achieve equity between the parties." *Id.* at § 236[B][5][e] (emphasis added).

Some courts allow reimbursement of actual money contributed, regardless of the nondegree holder's entitlement to alimony. See *DeLaRosa* v. *DeLaRosa,* 309 N.W.2d 755, 758-759 (Minn. 1981); *Mahoney* v. *Mahoney,* 91 N.J. 488, 492-501 (1982); *Hubbard* v. *Hubbard,* 603 P.2d 747, 752 (Okla. 1979).

General Laws c. 208, § 34, is clearly broad enough to allow courts to consider the increased earning potential engendered by a professional degree in determining an award of alimony and assignment of the estates of the parties. Neither the degree or license itself, however, nor the increased earning capacity of the degree holder is an asset subject to assignment.

The Probate Court judge clarified that a portion of the judgment awarded to Celia was alimony. He did not so characterize the lump sum of $42,024.50, although such an award would have been warranted. *Klar* v. *Klar,* 322 Mass. 59, 60 (1947), citing *Baird* v. *Baird,* 311 Mass. 329, 333 (1942). See *Surabian* v. *Surabian,* 362 Mass. 342, 348 (1972). It appears that the award of $42,024.50 was in the nature of an assignment of the estate. Since we hold that Mark's medical degree and enhanced earning capacity are not part of his estate, any assignment of such degree or earning capacity must be set aside. Similarly, since we have no way of determining the effect of the error in calculating any alimony awarded, the award of alimony must also be set aside. The portion of the judgment granting the divorce is affirmed. The case is remanded for the judge to amend the award of alimony and assignment of assets consistent with this opinion.

We will address some of the remaining issues raised by the parties as they may arise on remand. General Laws c. 208, § 34 (1984 ed.), *requires* consideration of vocational skill, the conduct of the parties, employability, and the opportunity of each party for future acquisition of capital assets and income. The statute allows consideration of the contribution of the parties to the "acquisition, preservation or appreciation in value of their respective estates" and of "the contribution of each of the parties as a homemaker to the family unit." Thus, the trial judge was not in error in considering Celia's financial contributions to Mark's attainment of his medical degree, and her

homemaking services. The judge could consider these factors, with relation to not only the assignment of the estates of the parties, but also the award of alimony. Similarly, there was no error in the judge's assigning a monetary value to Celia's homemaking services based on expert testimony. See Lombard, Family Law § 2056 (Supp. 1984). The only error in relation to these factors was that they were inextricably mixed with an assignment of Mark's medical degree and enhanced future earning capacity.

2. *Factual findings*. a. *Celia's excess financial contributions*. In determining Celia's financial contributions, there was no error in the judge's not including other items requested by Celia, i.e., lost income due to the move to Massachusetts, cost of the move and increased living expenses, one-half of the income Mark would have received if he had not attended medical school and her lost income due to the separation.

Mark claims error in the probate judge's calculation of his educational expenses. Because we hold that excess financial contributions are merely a factor to be considered in awarding alimony or assigning an estate, minor errors in the judge's calculations of the figures are insignificant. To the extent that any such errors exist in this case, the parties can call these errors to the attention of the judge on remand.

b. *Mark's homemaking services*. The judge was not clearly erroneous in characterizing Mark's homemaking services as "de minimis." The finding was based upon Celia's testimony which the judge was entitled to credit.

3. *Abuse of discretion*. As stated previously, the trial judge is given broad discretion under G. L. c. 208, § 34. The judgment dated April 11, 1984, although subsequently amended, clearly shows that the Probate Court judge weighed the statutory factors, as is required by this court. See *Loud* v. *Loud,* 386 Mass. 473, 474 (1982); *Bianco* v. *Bianco,* 371 Mass. 420, 423 (1976). The amounts awarded to the wife were not an abuse of discretion except to the extent that they were influenced by the erroneous conclusion that the medical degree was an asset subject to assignment. Mark was a physician employed as a senior resident at University Hospital in Boston. His in-

come in the future will be significant. The judge found that Celia had postponed her educational and professional plans in order to put her husband through school. He further found that it was possible that in five years she might be able to rehabilitate her skills and that she was entitled to an award of alimony that would allow her to do so. There was no abuse of discretion in the award of 9.35% of gross income or at least $60,000. The award was time limited to five years, the amount of time determined to be necessary for Celia's rehabilitation. Further, Mark could, with approval of the court, defer one-half of any monthly payment for an additional five years.

4. *Attorney's fees.* Celia claims that she should have been awarded attorney's fee. General Laws c. 208, § 38, allows the judge, in his discretion, to award counsel fees to either party in a divorce proceeding. See *House* v. *House,* 368 Mass. 120 (1975). The matter is within the discretion of the trial judge. *Clifford* v. *Clifford,* 354 Mass. 545, 548 (1968). In the present case the judge acted within his discretion in declining to award the wife attorney's fees.

The case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*