JOAN M. GORDON *vs.* FRANCIS E. GORDON. No. 87-1352. September 27, 1988. *Divorce and Separation*, Alimony.

The husband appeals from a judgment of divorce nisi of the Probate and Family Court which, among other things, orders the wife to pay alimony to him in the amount of $50 a week for a period of one year. He asserts that the judge should have awarded him permanent, rather than "rehabilitative" alimony, in a sum sufficient to meet his needs and maintain his middle income station. In support of his claim the husband argues, inter alia, that,

because of his age and health,[1] it is highly unlikely that he has "saleable skills in the marketplace" and it is "extremely speculative" whether he can earn income as a self-employed person. He argues that the judge's finding that he is capable of earning income through part-time employment is simply not supported by the evidence or "any hard facts."

We affirm the judgment.

The crucial issue in an alimony dispute is a spouse's need for support and maintenance in relationship to the financial circumstances of the parties. *Partridge* v. *Partridge,* 14 Mass. App. Ct. 918, 919 (1982). *Grubert* v. *Grubert,* 20 Mass. App. Ct. 811, 819 (1985). See also *Gottsegen* v. *Gottsegen,* 397 Mass. 617, 623-624 (1986). "The standard of need is measured by the 'station' of the parties — by what is required to maintain a standard of living comparable to the one enjoyed during the marriage." *Grubert* v. *Grubert,* 20 Mass. App. Ct. at 819. The purpose of "rehabilitative" alimony is "to protect, for a limited time, a spouse whose earning capacity has suffered (or become non-existent) while that spouse prepares to reenter the work force." *Bak* v. *Bak,* 24 Mass. App. Ct. 608, 621-622 (1987). See *Drapek* v. *Drapek,* 399 Mass. 240, 247-248 (1987). Although rehabilitative alimony is viewed with some circumspection in Massachusetts, *Bak* v. *Bak,* 24 Mass. App. Ct. at 622 & n.14; *Zildjian* v. *Zildjian,* 8 Mass. App. Ct. 1, 15-17 (1979), it may be awarded in appropriate circumstances. See *Drapek* v. *Drapek,* 399 Mass. at 247-248; *Bak* v. *Bak,* 24 Mass. App. Ct. at 623-624.

In the instant matter, the probate judge considered each of the factors set forth in G. L. c. 208, § 34, as amended through St. 1983, c. 233, § 77, including the needs and "employability" of the parties. He found that the husband receives $104 a week as Social Security disability income,[2] that he will be able to derive income from the approximately $42,000 liquid assets assigned to him (see *Aronson* v. *Aronson,* 25 Mass. App. Ct. 164, 166 n.2 [1987]), and that after he relocates to new living quarters he will have the capacity "to contribute to meeting his own needs" by earning income through part-time employment. As to the latter point, the judge noted that despite the husband's disability, he "spends considerable time doing woodwork and crafts which he has both *sold* and donated. His work in connection with remodeling the marital residence demonstrates ability relative to remodeling and maintenance, which could lead to employment.[3]

---

[1] The husband is sixty years of age and has been determined to be disabled by the Social Security Administration because of a back problem and emphysema. The disability occurred prior to the parties' marriage in 1979.

[2] The husband indicated on his financial statement that the disability income was not taxable.

[3] The judge further found that the husband used his background in various trades to plan most of the renovations to the marital home. The husband also picked up materials used in the remodeling projects and performed some of the physical labor involved in the renovations.

Therefore, he is capable of at least part-time employment" [emphasis supplied]. The judge also listed "woodcrafts" and remodeling as among the husband's occupations during the marriage.

The suitability and adequacy of the alimony award turn on the correctness of the judge's determination that the husband is capable of earning income through part-time employment. The judge's findings concerning the husband's employability and capacity to earn income are supported by the evidence. Indeed, one of the primary thrusts of the husband's testimony at trial was that he had earned substantial sums of money selling his crafts at fairs, flea markets and bazaars.[4] The judge, of course, was entitled to consider this evidence as well as any other evidence of the husband's earning capacity in determining the award of alimony or the assignment of the marital estate. See *Drapek* v. *Drapek*, 399 Mass. at 244. See also *Schuler* v. *Schuler*, 382 Mass. 366, 373-374 (1981).

We also note that although a spouse's need for support is a "crucial" factor in an alimony dispute, see *Grubert* v. *Grubert*, 20 Mass. App. Ct. at 819, the judge was required to consider all of the factors set forth in § 34. See *Rice* v. *Rice*, 372 Mass. 398, 401 (1977). In fashioning the spousal support award the judge could properly attribute weight to such factors as the relatively short length of the parties' marriage, the husband's conduct and the wife's very valuable contributions (financial and nonfinancial) to the marriage.

Lastly, as to the "rehabilitative" aspect of the alimony order, we infer from the judge's findings (in conjunction with the testimony adduced at trial) that he wished to provide the husband with support for a period of time sufficient to enable him to find part-time employment using his building and maintenance skills, or to develop further his craft work. We perceive no error in this regard. However, should the judge's predictions concerning the husband's future employment fail to materialize, the alimony order should not be regarded as immune from modification. See *LaValley* v. *LaValley*, 25 Mass. App. Ct. 918, 921 (1987).

*Judgment affirmed.*

*Peter A. Velis* for Francis E. Gordon.
*Clayton N. Fuller* for Joan M. Gordon.

---

[4] At trial the husband claimed that he contributed much of the money that he earned from the sale of craft items toward the renovations to the marital home. His testimony in this regard is confusing and, at times, conflicting. Moreover, the husband, on occasion, refused to answer questions concerning his financial circumstances which were put to him by the wife's counsel. See *Grubert* v. *Grubert,* 20 Mass. App. Ct. at 822 (a judge is entitled to draw all reasonable inferences against a party who fails to provide adequate financial data to the other spouse and to the court).

The husband's testimony concerning his contributions to the home was directed, no doubt, toward the discretionary factor of G. L. c. 208, § 34, which allows the judge to consider the contributions of the parties toward the acquisition, preservation or appreciation in value of the marital estate. See *Putnam* v. *Putnam,* 5 Mass. App. Ct. 10, 15 (1977).