JOSEPH E. MARTIN *vs.* CATHERINE V. MARTIN. No. 89-P-236. July 27, 1990. *Divorce and Separation*, Division of property, Alimony.

We decide that the findings of the Probate Court, which touch attentively on the factors enunciated in G. L. c. 208, § 34, do not lead logically to the judge's orders for assignment of marital assets. See *Bowring* v. *Reid*, 399 Mass. 265, 267-268 (1987); *Handrahan* v. *Handrahan*, 28 Mass. App. Ct. 167, 168 (1989). We also decide that the limited duration of alimony in the divorce judgment improperly anticipated future events which could not be predicted with any measure of certainty at the time of

the judgment. *Goldman* v. *Goldman*, 28 Mass. App. Ct. 603, 612-613 (1990).

For each partner, this was a second marriage, the wife having been widowed, the husband divorced. At the time of the marriage, which lasted eight and one-half years, the wife was age forty-eight, the husband was fifty-four; at the time of divorce they were fifty-seven and sixty-three respectively. Each had modest income from employment; hers was $196 per week, his $550 per week. The other pertinent economic information (all facts are drawn from the judge's findings) is that the wife brought assets worth $68,000[1] to the marriage; the husband brought assets worth $12,000.[2] Approximately seventy percent of the resources invested by the parties in their marital residence in Avon were traceable to the wife.

1. *Asset division.* By reason of the wife's greater contributions, the judge determined that the "assets should be so divided that the wife receives more than the husband to compensate for her contributions." Yet the division of property ordered by the judge does not achieve that objective except in a symbolic way. The judge ordered that the parties sell the marital domicil (in which the wife lives) and divide the proceeds equally. The judge found that property at the time of trial to be worth $191,000 above the mortgage. Thus, each party would derive $95,500 from the sale of the marital domicil, before selling expenses. As to a $30,000 certificate of deposit, the judge ordered the wife to pay $10,000 to the husband. In the aggregate this resulted in an allocation of $115,500 to the wife and $105,500 to the husband; i.e., the wife received $10,000 more than the husband. The wife, therefore, received more in a literal sense, very little more in a relative sense. Taking into consideration the wife's limited assets and income expectations, as found by the judge, we think the judgment does not fulfil the stated purpose in the judge's findings of recognizing the wife's contributions.

2. *Alimony.* There was an award of alimony of $100 per week for 156 weeks (three years). That recognized the wife's doubtful prospects for future income or the acquisition of assets. The judge limited the alimony to three years because of the husband's age and the short length of the marriage. If, notwithstanding the short length of the marriage, the husband is to receive forty-eight percent of marital property to which the wife made much the greater contribution, one may well ask why this should be a factor in limiting the duration of the alimony. If the judge was anticipating the husband's retirement, we think that, on the record, an unwarranted assumption. The husband was found to be in good health, and it is as plau-

---

[1] When the parties married, the wife had $30,000 in cash and a residence which was sold during the marriage for a net profit of $58,000. Of that $58,000, the wife made a gift of $20,000 to her son.

[2] He had an equity in the house he shared with his former wife. Since she sold her interest in the equity to the parties for $12,000, we may assume the husband's interest was worth the same.

sible as not that the husband will stay active in his employment for more than three years. See *Goldman* v. *Goldman*, 28 Mass. App. Ct. at 612-613. Should his circumstances change materially, that can be dealt with. *Ibid.* The wife's needs are current and predictable.

For these reasons, we vacate the divorce judgment insofar as it provided for the division of property and the award of alimony and remand the case to the Probate Court judge so that he may reconsider these matters in light of this opinion.

*So ordered.*

*J. Russell Hodgdon* for Catherine V. Martin.
*Steven W. MacDonald* for Joseph E. Martin.