Judy K. Letteri (wife) appeals from a judgment of divorce nisi entered by the Probate and Family Court, challenging the judge's decision to exclude the pension of Stephen A. Letteri (husband) from the division of marital assets and instead to treat it as a stream of income for the purpose of calculating child support. We reverse.
Background. The parties were married in August, 1987, and lived in Florida for the majority of their marriage. Both parties worked outside the home throughout the marriage and shared the household and child-rearing responsibilities for their three children. In January, 2012, the parties moved to Massachusetts following the husband's retirement from the Tampa Police Department. The parties separated in October, 2014. The parties' minor son, who was sixteen years old and in high school, continued to reside primarily with the husband.[2]
In April, 2015, the husband filed a complaint for divorce, and a two-day trial was held in April, 2016. At the time of the trial, the husband was fifty-four years old and unemployed,[3] while the wife was fifty-three years old and working full-time as a registered nurse, earning a gross weekly income of $1,170. The central contested issues at the trial were (1) the husband's ability to work, and (2) the division of the parties' retirement assets, consisting of the husband's pension (which was in payout status and was providing him with weekly income of $1,098), the wife's pension (which would eventually provide her with monthly income of approximately $910 at age sixty-five), and the wife's two 403(b) accounts (having a combined value of approximately $184,809 at the time of the trial).[4]
On May 27, 2016, the judge entered a judgment of divorce nisi, which (1) required the wife to pay weekly child support to the husband of $185; (2) divided the total balance of the wife's 403(b) accounts equally between the parties; and (3) allowed the wife to retain her modest pension. The judge excluded the husband's pension from the asset division, instead treating it "as a stream of income" for the purpose of calculating child support. The judge also found the husband capable of working and attributed an annual income to him of $35,000. The present appeal followed.
Discussion. The wife argues that the judge erred in treating the husband's pension as a stream of income, rather than dividing it as a marital asset pursuant G. L. c. 208, § 34, because the treatment resulted in an inequitable financial award to the wife. We agree.
"[A] judge has considerable discretion in making an equitable division of property" under § 34, Williams v. Massa, 431 Mass. 619, 631 (2000), and "[a] division of marital property which is supported by findings as to the required factors [under § 34 ] will not be disturbed on appeal unless 'plainly wrong and excessive.' " Passemato v. Passemato, 427 Mass. 52, 57 (1998), quoting from Heins v. Ledis, 422 Mass. 477, 481 (1996). "However, '[c]onsiderable as the trial judge's discretion may be in weighing these factors [under § 34 ], it is not unbounded .... It is the duty of the reviewing court to consider whether the apportionment of assets flows rationally from the judge's findings under § 34.' " Casey v. Casey, 79 Mass. App. Ct. 623, 629 (2011), quoting from Denninger v. Denninger, 34 Mass. App. Ct. 429, 430-431 (1993).
In the present case, the judge found that "the total marital estate should be divided equally." However, in excluding the husband's pension from the asset division, the judgment of divorce ultimately placed the husband in a far superior financial position compared to that of the wife. The judgment leaves the husband with a net weekly surplus of $741 after deducting his reported expenses from his net income (including the attributed income and child support order),[5] whereas the wife has a weekly shortfall of $320 after decreasing her income by expenses (including the child support order).[6] In essence, while the judge purported to make "an exactly equal division of the assets, the financial arrangement as a whole shows that the evenhanded treatment was illusory," because only the husband is capable of maintaining his standard of living after the divorce. Grubert v. Grubert, 20 Mass. App. Ct. 811, 817 (1985). See Denninger, 34 Mass. App. Ct. at 433 ("Absent some good reason, the financial orders in a divorce judgment should not cause the standard of living of one spouse to drop perceptibly down while that of the other spouse remains high").
While judges are permitted to make an uneven distribution of marital assets favoring one spouse where circumstances permit, see Williams v. Massa, 431 Mass. at 626 ("an equitable, rather than an equal, division of property is the ultimate goal of G. L. c. 208, § 34"), there appears to be no justification for the disparate division in this case. The judge found that this was a long-term marriage in which both parties made seemingly equal contributions, both economic and noneconomic, to the marital enterprise. See ibid. ("a disparity in [the parties' respective] contributions may be reflected in the distribution ... of assets"); Moriarty v. Stone, 41 Mass. App. Ct. 151, 157 (1996) ("The parties' respective contributions to the marital partnership remain the touchstone of an equitable division of the marital estate"). Moreover, the judge did not find, nor does the record reflect, a material disparity in the parties' respective opportunities for the "future acquisition of capital assets and income." G. L. c. 208, § 34.[7]
The judge's sole articulated reason for treating the husband's pension as a stream of income was to relieve the wife of an alimony obligation. However, the judge made no findings concerning this hypothetical alimony obligation, including, but not limited to, the husband's need for alimony. See G. L. c. 208, § 53(b ) ("the amount of alimony should generally not exceed the recipient's need or [thirty] to [thirty-five] per cent of the difference between the parties' gross incomes established at the time of the order being issued"); Zaleski v. Zaleski, 469 Mass. 230, 242-243 (2014). Based on the record before us, it appears unlikely that the husband would be able to demonstrate a need for alimony if his pension were included in the asset division.
In light of the foregoing, we conclude that the judge's findings "do not lead logically to" the uneven "assignment of marital assets." Martin v. Martin, 29 Mass. App. Ct. 921, 921 (1990). While "[t]here is no requirement in G. L. c. 208, § 34, or cases under it, of precise parity in equitable division of marital assets," Cabot v. Cabot, 18 Mass. App. Ct. 903, 905 (1984), the overall financial disposition favoring the husband does not "flow [ ] rationally" from the judge's findings. Casey, 79 Mass. App. Ct. at 629. In "viewing the financial award as a whole, including the treatment of the husband's ... pension as a stream of income, ... we conclude that [it] resulted in an inequitable award to the wife." Ibid.
Conclusion.[8] We vacate so much of the judgment of divorce, dated May 27, 2016, that excludes the husband's pension from the division of assets, and we remand the case to the Probate and Family Court for a redistribution of the marital estate consistent with this memorandum and order. To the extent that the child support order is predicated, in part, on the judge's treatment of the husband's pension as a stream of income, the judge may, in his discretion, revisit the issue of child support on remand.
So ordered.
Vacated in part and remanded.

The parties' other children were emancipated by that time.

Following the move to Massachusetts, the husband found part-time work as a per diem mail carrier; however, he was fired after a few months.

The husband liquidated his other retirement accounts to fund the move to Massachusetts and to cover the family's expenses.

This figure is derived by taking the husband's weekly net income of $1,848.15-which includes his pension of $1098 per week plus weekly attributed income of $673 (based on his $35,000 attributed yearly income) and child support of $185 per week that he receives from the wife minus his reported deductions (tax and insurance) of $107.85-and subtracting his reported weekly expenses of $1,106.95.

This figure is derived by taking the wife's weekly net income of $604.77-which includes her gross income of $1,170.40 (weekly wages) minus her reported deductions of $380.23 (for taxes, insurance, and healthcare, which she was required to maintain for the family) and the child support of $185 per week that she pays the husband-and subtracts her reported weekly expenses of $924.32.

While the wife's earning capacity ($60,840 per year) is higher than the husband's ($35,000 per year), that alone does not provide an adequate basis for awarding the husband a substantially larger financial award in this case. Compare Loud v. Loud, 386 Mass. 473, 474-475 (1982) (finding award of two-thirds of marital assets to wife was justified in light of wife's "much lower earning capacity," wife's "contributions as a homemaker, having total responsibility for the minor child," and husband's conduct during marriage, which included long periods of absence from marital home during which he was living with other women).

To the extent that we do not address the parties' other contentions, they "have not been overlooked. We find nothing in them that requires discussion." Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting from Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).