NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-205

STEPHANIE PETTEE RODRIGUES

vs.

MICHAEL PETER RODRIGUES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In January 2021, Stephanie Pettee Rodrigues (wife) filed a complaint for divorce against Michael Peter Rodrigues (husband).  In May 2024, the parties entered into a partial separation agreement, with several issues reserved for a later trial.  In October of that year, after trial, a judge of the Probate and Family Court entered a supplemental judgment of divorce.  The husband moved to amend the supplemental judgment of divorce.  The judge allowed in part and denied in part the husband's motion, and entered a corrected supplemental judgment of divorce.  The husband appeals from the corrected supplemental judgment of divorce, asserting that the judge erred in equitably dividing the marital estate and in ordering the parties to share

the cost of the children's religious education expenses.  We affirm.

1.  Division of marital estate.  The husband contends that the judge erred in ordering him to pay the wife a lump sum of $62,900 as part of the equitable division of the marital estate.  He asserts that the judge's findings regarding the lump-sum payment were incomplete and inconsistent with the evidence, and that the division was inequitable considering his overpayment of child support and the wife's underreporting of her income during the pendency of the divorce proceedings.  We disagree.

Our review of a judge's equitable division of the marital estate pursuant to G. L. c. 208, § 34 (§ 34), follows a two-step process.  "First, we examine the judge's findings to determine whether all relevant factors in § 34 were considered."  Bowring v. Reid, 399 Mass. 265, 267 (1987).  Second, we determine whether the reasons for the judge's conclusions are "apparent in his findings and rulings."  Redding v. Redding, 398 Mass. 102, 108 (1986).  "What weight any of the factors in § 34 shall receive rests within the broad discretion of the judge."  Handrahan v. Handrahan, 28 Mass. App. Ct. 167, 168 (1989).  A judge's determination as to the equitable division of property will not be reversed unless plainly wrong and excessive.  See Redding, supra at 107.  Furthermore, a judge possesses broad discretion to divide the marital estate equitably, see Dalessio

2

v. Dalessio, 409 Mass. 821, 830 (1991), and there is no requirement of "precise parity in the equitable division of marital assets." Cabot v. Cabot, 18 Mass. App. Ct. 903, 905 (1984). Finally, mathematical precision is not required. See Fechtor v. Fechtor, 26 Mass. App. Ct. 859, 861 (1989).

The marital home was the primary asset subject to division under § 34, and the husband solely challenges the manner in which the judge allocated the marital equity of this asset. Here, the judge adequately considered the relevant § 34 factors and explained the reasons for his conclusions. See Redding, 398 Mass. at 107-108. Specifically, the judge made detailed findings addressing the equitable division of the marital home, allowing the husband to retain the marital home and ordering him to pay the wife a lump sum reflecting one-half of the home's appreciation in value during the marriage. However, the judge reduced the lump sum from $107,500 to $62,900, to account for certain payments made by the husband during the pendency of the divorce proceedings, including an advance of $30,500 to the wife, $11,000 for the wife's share of guardian ad litem (GAL) fees, and $3,100 in house repairs that were the wife's responsibility. The husband argues that the wife's underreporting of her income and his own overpayment of child support requires a further decrease of this lump-sum amount. We disagree.

With regard to the wife's underreporting of her income throughout the proceedings, the husband contends that the judge's findings were incomplete and inconsistent with the evidence. The judge found that the wife underreported her income throughout the proceedings and, as a result, the judge adjusted the husband's child support obligation in the final judgment. We are not convinced that the judge's findings are incomplete as the husband contends, where the judge made several findings related to the wife's underreporting and, furthermore, the judge had discretion to determine how much weight to give to certain § 34 factors when equitably dividing the marital property. See Handrahan, 28 Mass. App. Ct. at 168. The husband also cites to no authority requiring a judge to make precise findings as to how much a party underreported their income.[1]

---

[1] The husband also contends, in a footnote, that the judge erred in determining the wife's underreporting because the judge used the wife's "Medicare wages" reported on her W-2 forms (reflecting certain pretax deductions from her gross pay), rather than her true gross income before any such deductions. We are not convinced that the judge used improper "income levels" when considering the wife's underreporting as a factor in fashioning the equitable division, where the judge's findings expressly described the wife's gross annual income for 2021, 2022, and 2023. It appears that the judge utilized the wife's Medicare wages to detail the level of her underreporting, but we are not convinced that this materially affected the ultimate determination of how the judge assessed the § 34 factors in fashioning an equitable division of the marital estate. In any event, we discern no error warranting a remand on this issue.

4

The husband also argues that the judge's findings regarding his overpayment of child support were not sufficient or complete because the judge did not make a specific finding as to the amount the husband overpaid. This argument, too, is without merit. As alluded to above, the judge found that from March 18, 2021, until the date of the judgment, the husband overpaid child support due to the wife's underreporting of income, and while the judge ordinarily would order the wife to reimburse the husband for the overpayment, the judge declined to do so in consideration of the wife's overpayment of postseparation uninsured medical expenses of the children, along with other relevant factors under § 34. As "[t]he nature and exactness of the findings required depends on the circumstances of the particular case" (citation omitted), Leader v. Hycor, Inc., 395 Mass. 215, 224 (1985), here, the findings were sufficient to support the judge's conclusions. In addition, the husband's argument that his overpayments and the wife's overpayments "cannot be logically or rationally considered equivalent," fails to acknowledge that mathematical precision is not required for equitable division of property. See Fechtor, 26 Mass. App. Ct. at 861.

Moreover, the judge is allowed to consider noneconomic contributions of the parties in dividing property pursuant to § 34, and the judge is not required to achieve precise parity in

5

the equitable division of the marital estate.  See Cabot, 18 Mass. App. Ct. at 905.  Upon our review of the record, we are not convinced that the overall financial award was plainly wrong and excessive, where the judge acknowledged that he took the underreporting of the wife's income and the husband's overpayment of child support "into consideration, along with all of the other appropriate factors to equitably divide the marital estate."

2.  Religious expenses.  The husband also claims that he was not given advance notice of the issue of payment of the children's religious expenses and, therefore, the judge erred in ordering the parties to share in the cost of those expenses.  We disagree.

Generally, due process requires notice and an opportunity to be heard.  See Adoption of Cadence, 81 Mass. App. Ct. 162, 172 (2012).  A denial of due process can occur when a judge rules on an issue without first providing the affected parties with notice and an opportunity to be heard on that issue.  See id.  Here, contrary to the husband's claim, he was placed on notice that the expenses of the children's involvement with religious education, specifically Confraternity of Christian Doctrine (CCD), was an issue before the judge.

On one of the financial statements that the wife submitted during the divorce proceedings, she listed CCD as a weekly

expense.[2]  Furthermore, the GAL report, also before the judge, noted that there was tension between the parties regarding what extracurriculars their children could sign up for, because some interfered with church or religious studies.  There is also a reference in the GAL report that the husband's family attends church.  It was within the judge's discretion to credit this evidence, to find that the husband was aware that the children attended CCD (and was therefore on notice of the issue of expenses for CCD), and to subsequently order the husband to share in those expenses.

<u>Corrected supplemental judgment of divorce dated December 19, 2024, affirmed</u>.

By the Court (Meade, D'Angelo & Tan, JJ.[3]),

Clerk

Entered:  June 3, 2026.

---

[2] We note that the cost of CCD here is de minimis.

[3] The panelists are listed in order of seniority.