DOROTHY BOWRING *vs.* NOAL REID.

Barnstable. November 5, 1986. — February 18, 1987.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Divorce and Separation,* Division of property, Alimony.

Statement concerning the obligation of a trial judge to make findings in support of a property division and alimony determination under G. L. c. 208, § 34, and describing the analysis to be applied by an appellate court on review of a judgment pursuant to that statute. [267-268]

This court set aside the alimony award and the assignment of assets in a divorce proceeding and remanded the case to permit the judge to explain the reasons for his decision. [268]

COMPLAINT for divorce filed in the Barnstable Division of the Probate and Family Court Department on December 7, 1982.

The case was heard by *John V. Harvey,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Mark D. Carchidi* for the defendant.

*Kimberly Homan* for the plaintiff.

NOLAN, J. The plaintiff, Dorothy Bowring, appeals from a judgment of divorce nisi, challenging the Probate and Family Court judge's alimony award and property assignment under G. L. c. 208, § 34 (1984 ed.). We transferred the case to this court on our own motion. We reverse both the alimony award and the property assignment, and remand the case for reconsideration.

After a hearing at which both the wife and the husband presented evidence, the judge found the following facts. The parties were married in 1966, and lived together until 1982. They have three teenage children. The husband is a senior vice-president and treasurer of a bank, and the wife is a student pursuing a master's degree in social work at Boston University.

The wife's income potential is limited by comparison with the husband's, but both parties have an opportunity for the future acquisition of capital assets. The wife has considerable stock holdings in a paper company, and also has a potential inheritance from her parents. The husband has an opportunity to acquire capital assets due to his significant income ($50,000 annually) and his profit sharing plan, but he has little or no likelihood of inheritance.

Both parties contributed to the acquisition, preservation, and appreciation in value of the parties' marital estate. In the early years of the marriage, the wife's diligent budgeting enabled the parties to manage through periods when neither she nor her husband was employed. The judge further found that, during the greater part of the marriage, the husband's income was the total family income and the wife took care of the home and the children. In 1971 the wife received a gift of stock in the Fort Howard Paper Company from her father. At the time of the trial, the stock was worth approximately $191,000 but was encumbered by approximately $30,000 in loans. Throughout the marriage, the parties borrowed against and sold shares of the wife's stock in order to finance a considerably higher standard of living than they could have enjoyed based solely on the husband's income. The judge found that the parties had a good marriage until 1977, but that subsequently the marriage had broken down irretrievably. The judge concluded that the wife was entitled to a judgment of divorce nisi, and entered orders for custody, child support, alimony, and a property assignment.[1] The alimony award required the husband to pay the wife $150 a week for a maximum of three years. The assignment of assets allotted to the wife approximately $182,000 in assets and to the husband approximately $208,000.[2] The wife now contends that the judge's alimony award and the assign-

---

[1] The provisions of the custody order and the order to pay child support are not disputed.

[2] Included in the assets assigned to the husband were the entire equity value of the marital home, which was owned by the parties as tenants by the entirety, and $32,000 worth of Fort Howard stock, which the wife owned individually.

ment of assets bear no relationship to the factual findings. Since the rationale for the alimony award and asset assignment is not explained in the decision, we are unable to determine whether this decision is supported by the findings. We remand so that the judge may explain the reasoning for his decision.

In making a property division and alimony determination under G. L. c. 208, § 34, a judge must make findings indicating that he has considered all factors relevant under § 34, and has not considered any irrelevant factors. *Rice* v. *Rice,* 372 Mass. 398, 402-403 (1977). Recently, this court said that, if a judge has made findings consistent with the obligations imposed by § 34, an alimony and property division judgment may not be reversed unless "plainly wrong and excessive." *Redding* v. *Redding,* 398 Mass. 102, 107 (1986). In *Redding,* we also said, however, that the reasons for the judge's conclusions must be apparent from the judge's findings and rulings. *Id.* at 108. Failure by the judge "to consider and explain the effect of an important fact may require reversal of the judgment in order to permit consideration and explanation of the omitted subject." *Id.*

In reviewing a judgment made pursuant to § 34, we apply the standards announced in *Redding, supra.* The review is essentially a two-step analysis. First, we examine the judge's findings to determine whether all relevant factors in § 34 were considered. General Laws c. 208, § 34, contains fourteen mandatory factors which the judge must consider, and four discretionary factors which the judge may consider. See *Ross* v. *Ross,* 385 Mass. 30, 35 nn. 3, 4 (1982). The judge may consider only factors which are enumerated in § 34, in making alimony and property division determinations. *Rice, supra* at 401. We have examined the judge's findings in the instant case and conclude that he considered all the necessary factors in § 34. We are unable to ascertain, however, whether the judge considered any impermissible factors in reaching his decision.

The second part of our review of a § 34 award is to determine whether the reasons for the judge's conclusions are apparent in his findings and rulings. *Redding, supra* at 108. The rationale

for the decision must appear in the judgment either explicitly or by clear implication, and the mere listing of findings, even if detailed, is not enough. See *id.* and authorities cited. After careful examination of the record in the instant case, we cannot conclude that the reasons for the judge's conclusions are apparent in his findings. The decision warrants reversal because its rationale is not adequately explained.

The plaintiff argues that she was entitled to more alimony and property than the judge awarded. The plaintiff bases this contention in part on the judge's findings that the defendant was unfaithful and abusive, as well as on the finding that the plaintiff made a substantial contribution to the marriage through her stock assets and as a wife, mother, and homemaker. The plaintiff's argument is that, given these findings, an award which in effect requires her to convey over $70,000 of her estate to the defendant bears no relation to the findings.[3] The findings of fact, although quite detailed, do not adequately explain the judge's assignment of assets. See *Redding,* 398 Mass. at 108. Nor do the findings regarding the plaintiff's contribution to the marriage, her needs, and her sources of income, explain why the alimony order of $150 a month was limited to three years. Absent clear and adequate explanation, such a result cannot be sustained.

In this case, remand is required so that the judge may articulate the rationale for the § 34 alimony and property awards as required by *Redding* v. *Redding, supra* at 108. The portion of the judgment pertaining to the alimony award and the division of assets is reversed. The portion of the judgment granting the divorce is affirmed.

*So ordered.*

---

[3] The judge found that the plaintiff could have sold some stock and invested it in United States Treasury notes which paid 10 to 12% interest. On remand, the judge should allow the parties to present new evidence regarding a reasonable interest rate paid on United States Treasury notes.

The judge also found that the plaintiff's "station in life is that of a middle income person" and that the defendant's station in life "is high middle income." This finding is not supported by the record. Our review of the evidence has revealed nothing which indicates that the station of life of these two people differed during their marriage.