DONALD D. BACON *vs.* CYNTHIA H. BACON. March 20, 1987. *Divorce and Separation,* Division of property.

As recently stated in *Bowring* v. *Reid,* 399 Mass. 265, 267 (1987), a judge in making an award under G. L. c. 208, § 34, must, in addition to

---

making findings of fact, give the reasons for his conclusions. "The rationale for the decision must appear in the judgment either explicitly or by clear implication, and the mere listing of findings, even if detailed, is not enough." *Id.* at 267-268.

The proceedings in this divorce matter were bifurcated. On September 5, 1985, a divorce nisi was granted. The parties were given joint custody of the two children of the marriage, ages nine and thirteen, with physical custody divided in accordance with the recommendations of a guardian ad litem for the children. The marriage was a second marriage for each of the parties.

This appeal concerns only the decision on financial matters. The findings, although detailed, do not adequately explain the assignment of assets of this fifteen-year marriage. (The parties lived together for twelve years.)

We take our facts from the findings of the judge. The wife's income was $4,779 per week, the husband's was $874. Her assets prior to division totalled $3,491,277.50; his $557,711.50, of which $466,300.50 represented one half of the equity and furnishings in their former residence. The husband had liabilities of approximately $80,000, the wife $29,000.

During the marriage the parties maintained an upper-class station in life. "The wife has significant opportunity to acquire future income and assets due to the amount of assets she presently holds." The husband, who is a college administrator, does not, but has the ability to acquire future income through employment.

The judge ordered the husband to convey his equity in the former residence to the wife ($432,810) and also his interest in a certain partnership (about $30,000).[1] He ordered the wife to convey to the husband $200,000 and to pay $20,000 towards his legal fees. Thus, the husband was ordered to make a net payment to the wife of about $242,000. Neither party was to pay alimony to the other, and the wife is to be responsible for the support of the children.

Although the wife's counsel attempts to support the award on the basis of the "contribution of each of the parties," that is but one discretionary factor under § 34 and does not explain the award. See *Drapek* v. *Drapek,* 399 Mass. 240, 247 (1987). The findings concerning the conduct of the parties and the findings that the husband's income was substantially less than the wife's, and that he played little role in the investment of assets (most of which were received by the wife by 1973, and which, as well as the marital residence, have greatly increased through reinvestment and

[1] The value of the husband's partnership interest is not made clear in the record. If the value is taken from the wife's January, 1986, financial statement, it appears to be about $40,000. Although the judgment speaks of a 25% interest of the husband, it appears that the husband had a 2.5% interest. Since the judgment also called for the assumption by the wife of a debt of the husband of $10,150, we have reduced the value of the husband's partnership interest by the amount of the assumed debt.

inflation), do not explain the award. This is particularly true in light of the life-style of the parties during their marriage, and in view of the fact that the husband's needs include expenses for the support of his children and for activities with them when they are with him. See *Hay* v. *Cloutier,* 389 Mass. 248, 254 (1983); *Redding* v. *Redding,* 398 Mass. 102, 107, 108 (1986); *Grubert* v. *Grubert,* 20 Mass. App. Ct. 811, 819 (1985). "[R]emand is required so that the judge may articulate the rationale for the [G. L. c. 208,] § 34 . . . award[ ] . . . ." *Bowring* v. *Reid,* 399 Mass. at 268. The judge may, of course, decide to modify his earlier judgment.

Accordingly, the judgment is vacated insofar as it concerns financial matters,[2] and the matter is remanded to the probate judge for further proceedings consistent with this opinion.

*So ordered.*

*Jacob M. Atwood* (*Lisa S. Lenon* with him) for the plaintiff.
*Alette E. Reed* for the defendant.

---

[2] On December 24, 1986, the judgment nisi was affirmed by a panel of this court insofar as it granted the parties a divorce.