ALICE YACOBIAN *vs.* GREGORY G. YACOBIAN & others.[1] June 24, 1987.
*Husband and Wife,* Fraudulent conveyance. *Fraudulent Conveyance. Words,* "Creditor."

The plaintiff, after filing a complaint for divorce in March, 1985, brought this action in the Superior Court in December, 1985, under G. L. c. 109A to set aside as fraudulent certain transfers of real estate. The transfers were made in 1977 and 1978 by the plaintiff's husband to the two children of

---

[1] Gregory G. Yacobian, Jr., and Beverly Martini.

his prior marriage. Summary judgment entered for the defendants, the husband and his two children. We affirm.

The plaintiff claims protection as a "creditor" under G. L. c. 109A, § 1. That term is defined as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." She urges that the conveyances without "fair consideration", see c. 109A, § 3, created an unmatured claim which ripened in 1985 when she filed for divorce.

The parties were married in 1970, were separated for four months in 1976, and were reunited later that year. They lived together at the time of the challenged conveyances[2]. The plaintiff knew of one of the conveyances.

A spouse in circumstances where divorce proceedings are "imminent" may qualify as a creditor under c. 109A and may "complain of conveyances designed to frustrate the right to alimony or assignment of property." *DuMont* v. *Godbey,* 382 Mass. 234, 237 (1981). *Jorden* v. *Ball,* 357 Mass. 468, 472 (1970). Marriage, alone, however, does not make a spouse a potential creditor under G. L. c. 109A, and divorce proceedings do not subject all transfers made during marriage to retrospective scrutiny under that statute.

Contrary to the plaintiff's contention, recent developments do not support her claim. While the "interests of one spouse in the property of the other have been substantially increased upon the dissolution of a marriage by divorce", *Sullivan* v. *Burkin,* 390 Mass. 864, 872 (1984), marriage does not preclude a spouse from making gifts of his or her property without the consent of the other. Nothing in that case[3] changes the effect of St. 1965, c. 165, amending G. L. c. 189, § 1, which, by restricting dower and curtesy claims, permits a married person to convey real estate to the same extent as if unmarried. See Park & Park Real Estate Law § 48 (2d ed. 1981). It is only where divorce proceedings are imminent, or there are other special circumstances (e.g. the spouse qualifies as a creditor for reasons other than the marriage), that dispositions of a spouse fall within the ambit of G. L. c. 109A.

*Judgment affirmed.*

*Stuart M. Van Tine* for the plaintiff.
*Ira D. Feinberg* for the defendants.

---

[2] In her deposition, the plaintiff said the marriage was "wonderful" during this period.

[3] The *Sullivan* case held that the value of the assets of an inter vivos trust, created or amended after the date of the decision (Janaury 23, 1984), as to which the grantor alone retained the power to direct the assets for his benefit, would be included in his estate for purposes of G. L. c. 191, § 15.