## SELVA ARONSON *vs.* HILLARD ARONSON.

No. 87-94.

Hampden.   December 2, 1987. — December 17, 1987.

Present: BROWN, SMITH, & WARNER, JJ.

*Divorce and Separation,* Alimony, Division of property, Findings. *Fraudulent Conveyance.*

On appeal from a divorce judgment providing the wife with $650 a week as alimony, notwithstanding the judge's findings concerning the wife's need for a gross alimony payment of $800 a week, this court vacated the judgment with respect to alimony and the division of the parties' assets and remanded the case so that the judge could explain the rationale for his financial award. [166]

A probate judge was warranted in finding that a husband conveyed certain real estate to a trust for the benefit of the parties' two adult children in order to deprive the wife of her right to claim it as part of the marital estate, and a judgment was properly entered setting aside the conveyance as having been made in fraud of the wife's rights. [166-167]

COMPLAINTS for divorce filed in the Hampden Division of the Probate and Family Court Department on November 4, 1981, and January 8, 1982, respectively.

CIVIL ACTION commenced in the Superior Court Department on February 5, 1985.

After consolidation, the cases were heard by *Rudolph A. Sacco,* J.

*Gail L. Perlman* for the plaintiff.

*Samuel A. Marsella* for the defendant.

WARNER, J. The parties were divorced by a judgment nisi on August 5, 1986. The judgment provides that the husband shall pay to the wife $650 a week as alimony. The parties' property was also divided, with the wife receiving assets worth over $144,500 and the husband receiving assets worth in excess of $205,500. In addition, the judgment orders set aside as fraud-

ulent a conveyance of real estate by the husband and contains provisions requiring the husband to provide or maintain certain insurance and to pay one-half of the wife's medical bills not covered by insurance. On August 11, 1986, the husband filed a motion to alter or amend the judgment, and pursuant thereto the judgment nisi was "modified" in several minor respects on August 28, 1986. Each party filed a notice of appeal from the judgment of divorce nisi and the judgment of modification.

The wife contends that the financial award (i.e., the combination of alimony and equitable division) must be set aside, as it fails to provide her with sufficient resources to satisfy her needs or to maintain her at the "station" that she enjoyed during the marriage. She also claims that the judge's conclusions are not supported by his findings and that the findings fail to explain the rationale for the decision. The husband, on the other hand, argues that the division of property must be vacated, as the wife was awarded a disproportionate share of the marital assets. He also says that he has insufficient resources to comply with the alimony award.

Finally, the husband contends that the judge erred in setting aside the conveyance of real estate. For the reason, if no other, that the rationale for the judge's decision is not adequately articulated, so much of the judgment nisi as relates to alimony and equitable division of property must be vacated, and the matter remanded to the Probate Court for further proceedings.

1. *Findings pursuant to G. L. c. 208, § 34.* This was a marriage of thirty-three years. The wife is fifty-seven years old and has had a long history of mental instability requiring psychiatric care. Although the wife is "skilled" as a homemaker,[1] she has no present employment skills and, as a practical matter, has been out of the work force for over thirty years. The judge noted that the wife's "mental instability severely limits her employability." He also made comprehensive findings concerning the wife's needs and stated convincingly that she would require a gross alimony payment of $800 a week

---

[1] The parties have two children who are now adults.

in order to leave her with sufficient after tax income to meet her expenses.

The husband is sixty-two years old and is in reasonably good physical health. He is a successful businessman, involved in the areas of insurance and estate and financial planning. His income, assets, tax shelters, investments and life-style, as analyzed in detail by the judge in both his findings on the judgment nisi and on the modifications, show that the husband is a man of substantial means.

During the marriage, the parties enjoyed a comfortable upper middle class "station" in life.

2. *Rationale for financial award.* Notwithstanding the judge's assiduous findings concerning the wife's need for a gross alimony payment of $800 a week, the judgment provides the wife with $650 a week as alimony. The judge did not articulate in his findings (nor is it implicit) why the amount awarded is substantially less than the amount carefully calculated in the findings. See *Redding* v. *Redding,* 398 Mass. 102, 107-110 (1986); *Bowring* v. *Reid,* 399 Mass. 265, 267-268 (1987); *Putnam* v. *Putnam,* 5 Mass. App. Ct. 10, 16-17 (1977); *Bacon* v. *Bacon,* 23 Mass. App. Ct. 1000, 1000-1001, 1002 (1987).[2] In the circumstances, we think that the alimony and property division provisions of the judgment nisi should be vacated and the matter remanded to the Probate Court so that the judge may explain the rationale for his financial award. See *Redding* v. *Redding, supra* at 108; *Bowring* v. *Reid, supra* at 268; *Bacon* v. *Bacon, supra* at 1002.

3. *Fraudulent conveyance.* The husband claims that the judge erred in setting aside as fraudulent a conveyance by him of real estate located in Hadley, Massachusetts.

---

[2] It is unclear whether the alimony award, coupled with the income the wife would derive from the liquid assets assigned to her, would provide her with sufficient after tax income to satisfy her specific need for support as found by the judge. *Grubert* v. *Grubert,* 20 Mass. App. Ct. 811, 818-819 (1985). Moreover, it is questionable whether the wife is capable of earning sufficient income to cover her support shortfall, measured by her need as found by the judge. See *id.* at 820.

By the terms of the divorce judgment that property was ordered to be sold, and each party was awarded a one-half interest in the net proceeds. The property had been transferred by the husband in 1981 to an irrevocable trust for the benefit of the parties' children. The transfer, which the husband claimed was part of an ongoing estate plan, was made less than one month after he had filed a complaint for divorce (later dismissed by agreement) and shortly before the wife filed her complaint for divorce. The husband testified at trial that he had received $100 from the trust for the property; he had paid $45,000 for it some twenty years earlier. He had not discussed the conveyance with the wife and had retained a possible beneficial interest in the property under the terms of the trust.

On February 5, 1985, the wife filed an action in the Superior Court to set aside the conveyance. By an interdepartmental assignment of the Chief Administrative Justice of the Trial Court, the probate judge was authorized to sit simultaneously as a justice of the Probate and Family Court and the Superior Court.[3] In his findings in the divorce action the judge concluded, among other things, that the husband had transferred the land to deprive the wife of her right to claim it as part of the marital estate. See *Rice* v. *Rice,* 372 Mass. 398, 400 (1977). By the terms of the judgment nisi the conveyance was set aside as having been "made in fraud of the plaintiff's rights." See G. L. c. 109A, §§ 1, 7, and 9. See also *Jordan* v. *Ball,* 357 Mass. 468, 470-472 (1970); *DuMont* v. *Godbey,* 382 Mass. 234, 237 (1981); *Bak* v. *Bak,* 24 Mass. App. Ct. 608, 624 (1987); *Yacobian* v. *Yacobian,* 24 Mass. App. Ct. 946, 947 (1987). There was ample evidence from which the judge could properly conclude that the transfer had been fraudulently made. See *Bak* v. *Bak, supra* at 624.

---

[3]The interdepartmental assignment also specified that "[t]he matters remain separate actions pending in different Departments of the Trial Court, and as such, findings as may be appropriate as well as judgments, are required in each action." It is not clear from the record before us whether separate findings and a judgment were entered in the Superior Court action (Hampden No. 85-179), or whether, if entered, the husband appealed from that judgment.

4. *Conclusion.* So much of the judgment nisi, as modified, as relates to alimony and property division is vacated, and the matter is remanded to the Probate Court for explication of the rationale underlying the § 34 alimony and property division awards. Upon remand, the judge may, of course, decide to revise the judgment in these respects. In addition, in view of the length of time which has passed since the trial, the judge may, upon a showing (by affidavit or otherwise) of a material change in the parties' circumstances, take additional evidence. The judgment of divorce nisi, including that portion of the judgment setting aside as fraudulent the husband's conveyance of the Hadley property, is otherwise affirmed. We note, however, that if the trial judge has not yet entered separate findings and judgment in the wife's Superior Court action (Hampden No. 85-179), as required by the interdepartmental assignment, he should do so forthwith. Pending final disposition, the judge may make such temporary orders for the payment of alimony as may be appropriate.

*So ordered.*