The defendant, Michael Stefano Fabrizi (Michael), appeals from a Probate and Family Court amended judgment of divorce nisi. He contends that the judge abused his discretion by (1) proceeding to trial on the date when the case was scheduled for a pretrial conference and (2) denying his motion requesting that his former wife, Bertha Irene Fabrizi (Bertha), pay his attorney's fees. He also challenges the division of assets.[2] We affirm.
1. The trial. On January 7, 2016, a notice and order was sent to each party informing them that a pretrial conference had been scheduled for July 20, 2016. It also ordered that all parties and any lawyers shall meet and talk in person at least one week before the day of the pretrial conference and required the parties (or their lawyers) to submit a written memorandum to the court three days before the day of the pretrial conference. The order further specified that "[t]he Court may order the case to immediate trial on the date of the pre-trial conference if the Court determines at the pre-trial conference that ... one party, by failure to appear at the pre-trial conference or otherwise, will not present a case ..." (emphasis in original).
Michael neither met with Bertha nor filed a memorandum. The pretrial conference was held on July 20, 2016, as scheduled. Before the hearing began, the parties met with a conciliator at the courthouse.[3] This meeting became contentious, and Michael walked out of the room and toward the elevators. Bertha reminded Michael that he needed to appear at the pretrial conference. At the elevators, the courtroom clerk likewise told Michael that his presence was mandatory, and, if he chose to leave, the judge could go forward without him. Michael said that was "fine" and left the courthouse. The judge was informed of the circumstances by the wife's attorney and the clerk. He then held a brief trial and subsequently entered judgment.
Contrary to Michael's assertion, the judge did not abuse his discretion by ordering the case to an immediate trial. Michael was aware that the case would proceed in his absence and knew that his rights were at stake when he left the courthouse. Having chosen to leave-with full knowledge of the consequences-Michael's claim that the judge abused his discretion rings hollow.
2. Attorney's fees. We discern no merit to Michael's claim that the judge should have ordered Bertha to pay his attorney's fees. Michael does not point to any facts or circumstances that would permit us to conclude that the judge abused his discretion by denying his request. The thrust of Michael's argument is that Rule 406 of the Supplemental Rules of the Probate and Family Court (2012), which permits a judge to award attorney's fees, should be revised or repealed. Even if we had the authority to modify the rule, Michael has not provided us with a sound basis for doing so.
3. Division of assets. Michael challenges the division of assets in two respects: first, he claims that the judge erred by awarding Bertha certain retirement funds that she earned over the course of the marriage; and second, he asserts that the distribution of the proceeds from the sale of the marital home was disproportionate because the judge took into account his withdrawal of $150,000 in funds from the equity of the marital home.
"In a divorce action, a judge must fairly consider the relevant factors outlined in G. L. c. 208, § 34, when dividing marital property. The division must be an honest exercise of judicial discretion ...." Kelcourse v. Kelcourse, 87 Mass. App. Ct. 33, 36 (2015).[3] A judge may consider the contribution of each party to acquiring or developing specific assets, along with the length of marriage, the ages of the parties, and sources of income. See G. L. c. 208, § 34.
We discern no error in the judge's division of assets. Bertha was entitled to retain the modest retirement funds she had earned through her employment. She was the sole contributor to the funds in question, and they were held in her name only.
Similarly, the judge's division of the proceeds from the sale of the marital home was fair and reasonable. The judge's order provided that, in the event the marital home was not lost to foreclosure, Bertha was to take all reasonable measures to sell the home within two years of the date of entry of the divorce judgment, and pay Michael one-half of the net proceeds. The order defined "net proceeds" as follows:
"Net proceeds shall constitute the funds remaining after all costs incurred to pay off any existing mortgages, liens, encumbrances and all costs of closing including any real estate commissions, attorney's fees, state stamp fees and recording fees. This distribution of half of the net proceeds from the sale of the marital real estate to the defendant takes into consideration the retention of the defined benefit and defined contribution plans by [Bertha] and the conduct of [Michael] during the marriage of withdrawing $150,000.00 in funds from the equity of the marital home in the form of a real estate equity line, which funds were substantially utilized unilaterally by [Michael] and are currently a burden on the marital real estate."
Michael does not deny that he withdrew $150,000 in funds from the equity of the marital home. Rather, he claims that he used the funds to pay bills incurred by the family and, therefore, the judge abused his discretion by considering Michael's use of those funds to be "unilateral" and adjusting the distribution of his share of the proceeds from the sale of the marital home accordingly. He also claims that Bertha retained $5,000 from the equity line, a fact the judge ignored in his ruling.
There was no abuse of discretion. As with his other claims, Michael relies only on his own bare factual assertions to support his argument. The judge was not provided with any evidence regarding the nature of Michael's use of the funds. Based on the evidence before him, the judge's rulings were fully supported.
Amended judgment affirmed.

The original judgment contained provisions for custody and support of one of the children. The amended judgment struck those provisions after the judge became aware that the child was emancipated. The arguments raised by the husband concerning errors as to custody and support are, therefore, moot.

Michael appeared pro se, and Bertha was represented by counsel.

We recognize that when dividing the marital estate, "a judge must make findings indicating that he has considered all factors relevant under [G. L. c. 208,] § 34, and has not considered any irrelevant factors." Wolcott v. Wolcott, 78 Mass. App. Ct. 539, 542 (2011), quoting from Bowring v. Reid, 399 Mass. 265, 267 (1987). In this case the judge did not make any subsidiary findings. However, we have reviewed the judgment carefully, and it appears clear from the award that the judge gave appropriate weight to each factor.