NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1002

IGOR ODNOVOROV

vs.

SVITLANA ODNOVOROV.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Svitlana Odnovorov (wife), the former spouse of Igor Odnovorov (husband), appeals from a judgment of divorce nisi issued by a judge of the Probate and Family Court, claiming, among other things, error in the judge's determination of alimony and the division of assets and liabilities.  We affirm.

As a preliminary matter we note that the wife's brief is limited to "'bald assertions of error' that 'lack[] legal argument'" and as such "'[do not] rise[ ] to the level of appellate argument' required by rule 16" of the Massachusetts Rules of Appellate Procedure, as appearing in 481 Mass. 1628 (2019).  Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011), quoting Zora v. State Ethics Comm'n, 415

Mass. 640, 642 n.3 (1993).  Nevertheless, we briefly address what we understand to be the gist of her argument:  that the judge abused her discretion by not equitably awarding assets and liabilities and by failing to award alimony.

"In making a property division and alimony determination under G. L. c. 208, § 34, a judge must make findings indicating that [she] has considered all factors relevant under § 34, and has not considered any irrelevant factors."  T.E. v. A.O., 82 Mass. App. Ct. 586, 592 (2012), quoting Bowring v. Reid, 399 Mass. 265, 267 (1987).  "A judgment will not be disturbed on appeal unless plainly wrong and excessive" (quotation and citation omitted).  Zaleski v. Zaleski, 469 Mass. 230, 236 (2014).  Here, the judge articulated sixty-six findings of fact based on careful consideration of the § 34 factors.  She considered the length of the marriage; the parties' occupations, vocational skills, employability, and sources of income; and the parties' contributions to the marital estate.  She detailed the marital lifestyle and conduct of the parties during the marriage in nine additional findings.  And she further considered the present and future needs, as well as the best interests of, the dependent child when awarding custody and child support.

The wife appears to argue that the judge did not equally divide the assets and liabilities of the parties.  The goal of

2

G. L. c. 208, § 34, however, is "an equitable, rather than an equal, division of property."  Williams v. Massa, 431 Mass. 619, 626 (2000).  "The judge did not have to follow any specific formula, and the weight to be accorded each of the § 34 factors was committed to [her] discretion" (citations omitted).  Bacon v. Bacon, 26 Mass. App. Ct. 117, 120-121 (1988).  Here, the judge ordered that the parties would retain the assets and liabilities that each brought to the marriage.  The parties were each awarded their current vehicles, their interests in their retirement accounts, and any other financial assets held in their names.  The wife was given time to refinance the marital home and pay the husband the equity owed, or if unable to obtain financing, to sell the property and split the net proceeds equally.[1]  Neither party was awarded alimony.  Given the short length of the marriage, the stability of the wife's income, and the husband's unemployment at the time of trial, the award here was well within the judge's discretion.  See id. at 122 ("That the marital estate . . . is rationally susceptible of a different allocation does not mean that the judge abused [her]

_____

[1] The judgment nisi set forth specific requirements for the division of proceeds should the house be sold, taking into account the outstanding mortgage and home equity line of credit balances.

3

discretion, which under the decisions interpreting § 34 is quite broad, even if it is not limitless").

To the extent the wife argues that the judge's decision to not award alimony was erroneously based on the husband's submission of false financial documents and unemployment at the time of trial, the proper avenue for seeking relief would be, as the judge noted, to file a complaint for modification. See Chin v. Merriot, 470 Mass. 527, 534 (2015) ("Orders for payment of alimony in judgments issued based on evidence in a contested divorce generally will be subject to modification on a showing of a material change in circumstances").[2] Moreover, we find no record support for the wife's claim that she was entitled to retroactive child support based on the husband's 2022 and 2023 employment bonuses. The judge's findings demonstrate that she considered the husband's 2022 and 2023 bonus targets as well as the income shown on his 2022 Federal tax return and 2023 W-2 form.

The wife's claim concerning no-contact orders is moot. The parties' child has reached adulthood (as have the wife's other children) and he is able to choose if and when he has contact

---

[2] Indeed, the judge expressly "recognize[d] that the current order will need to be modified upon Husband obtaining new employment as Husband's earning[s] have historically consisted of a base salary, RSUs and bonuses."

4

with each parent, and the wife has an active abuse prevention order against the husband.  See Lynn v. Murrell, 489 Mass. 579, 583 (2022) (argument moot because relief sought was no longer available and appellate decision would not apply to existing rights).

Finally, the wife suggests that the judge erred by failing to award her attorney's fees based on the husband's conduct, which she claims was "extremely abusive, non productive and not in good faith."  We discern no error in the judge's findings that "the parties both engaged in conflict with each other" and that their mutual "animosity . . . required a costly litigation process despite best efforts of counsel to resolve the matter on behalf of their clients."  See Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995) (trial judge's credibility assessments "close to immune from reversal on appeal except on the most compelling of showings").

Judgment affirmed.

By the Court (Massing,
  Englander & D'Angelo, JJ.[3]),

Clerk

Entered:  June 30, 2025.

_____

[3] The panelists are listed in order of seniority.