DONNA H. FEATHLER *vs.* ROBERT W. FEATHLER. No. 91-P-649. September 3, 1992. *Divorce and Separation*, Division of property, Pension benefits, Alimony.

Donna H. Feathler filed a complaint in the Probate and Family Court seeking to terminate a twenty-five year marriage. A judgment of divorce nisi was entered, including an order for the division of the marital assets requiring the husband to transfer his interest in the marital home to the wife and for the payment of alimony to the wife, terminable upon her remarriage or death. The husband brings this appeal, claiming that the alimony order and his loss of any share of the equity in the residence were not fair. He also argues that the judge's findings were not based on the evidence and that the judge mishandled proffered evidence of the husband's pension benefits.

1. *Division of marital property.* The judge found that the fair market value of the marital home was $194,000. There were first and second mortgages totaling $58,000. Over the husband's objection, the keeper of the records of the Hampden County retirement board was allowed to testify and to submit (in the form of a computer printout) an estimate of the husband's retirement allowance as of the date of the hearing. On his own initiative, the judge elicited from this witness that the husband's pension was fixed by a formula which weighed his length of service in municipal employment, his highest three consecutive years of earnings, and his age at retirement. Under this formula, the judge found the husband qualified to receive an annual pension of over $15,000 should he elect immediate retirement. The husband was forty-eight years of age at the time of the hearing. Neither party submitted any evidence of the present value of future pension benefits.

The judge made several questionable findings by speculating about the husband's future earning capacity, erroneously concluding that he received negotiated pay raises on an annual basis. He also considered the parties' joint income for the year 1989 as earned solely by the husband. The judge's principal decision, however — to award the marital home to the wife — was properly founded on an analysis of the factors enumerated in G. L. c. 208, § 34,[1] especially considering the precarious status of the wife's finances and her continuing need to provide a stable living situation for the parties' fifteen year old son. Lacking reliable testimony as to the

[1]We note that the judgment nisi entered on October 22, 1990; St. 1990, c. 467, approved December 29, 1990, amended G. L. c. 208, § 34, to expressly include all vested and nonvested retirement benefits accrued during the marriage as part of the marital estate. The amendment thereby expressly incorporated into the statute the principles previously recognized in the decisional law.

current value of the only other available asset, the husband's pension, the judge opted for a more practicable resolution by awarding the wife no interest in the pension and compensating her with the award of the marital home as well as alimony. Compare *Phillipson* v. *Board of Admn., Pub. Employees' Retirement Sys.*, 3 Cal.3d 32, 46-50 (1970).

We have recognized "that resources deposited in a qualified pension or profitsharing plan are assets which a court may take into account in making an equitable division of marital assets." *Sheskey* v. *Sheskey*, 16 Mass. App. Ct. 159, 161 (1983). The valuation of pensions ordinarily requires expert testimony concerning present value, especially where the pension rights have not vested. Evidence of the amount of the participant's estimated future benefits, see *Sheskey* v. *Sheskey, supra* at 160-162, or the total amount of accumulated contributions, see *Dewan* v. *Dewan*, 17 Mass. App. Ct. 97, 99-100 (1983), *S.C.*, 399 Mass. 754 (1987), is generally not enough. The husband failed to offer any testimony upon which the judge could calculate the present value of the husband's pension rights. The judge cannot be faulted for fashioning an equitable division based on the information submitted by a witness from the retirement board. There was no abuse of discretion. See *Rice* v. *Rice*, 372 Mass. 398, 401 (1977). The preferred approach would have been to place a present value on the future pension benefits and then distribute a percentage of that asset as part of the property division. Here the judge could not do that. Lacking a reliable basis for calculating the present value of the husband's pension rights, the judge was confronted with a "practical" consideration which prevented the use of the preferred approach. Compare *Dewan* v. *Dewan*, 399 Mass. at 757. In this situation, the judge elected to treat the assets separately and ordered the house transferred to the wife. He also rightly considered that, as a custodial parent, the wife needed the marital home as a domicil for their son. *King* v. *King*, 373 Mass. 37, 38 (1977).

2. *Alimony.* The judge may have erred by concluding that the husband might "double his income" by taking early retirement and working at another job. Nevertheless, his finding that the husband's education and experience enhanced his future opportunities was correct. While *Drapek* v. *Drapek*, 399 Mass. 240, 244 (1987), and *Lyons* v. *Lyons*, 403 Mass 1003 (1988), foreclosed consideration of an individual's advanced degree or professional license from consideration as property divisible under § 34, the court acknowledged that the increased earning potential of a spouse developed as a result of the degree may be a factor in calculating alimony and assigning shares in the estates of the parties. *Drapek* v. *Drapek, supra* at 246. Together, the husband and wife were marginally able with their combined income to educate their children, purchase a home, and engage in occasional recreational pursuits. The judge fashioned, as best he could, an alimony order which took into consideration the present and future needs of the wife, the parties' station in life, and their mode of living. *Richman* v. *Richman*, 335 Mass. 395, 396-397 (1957). We are satisfied by our review

of the record that the judge's ultimate finding concerning the husband's earning capacity was not clearly erroneous, see *Angelone* v. *Angelone*, 9 Mass. App. Ct. 728, 729 (1980), and that the alimony award was well within the judge's discretion. *Meghreblian* v. *Meghreblian*, 13 Mass. App. Ct. 1021, 1023 (1982).

*Judgment affirmed.*

*F. Michael Joseph* for Robert W. Feathler.
*Susan J. McFarlin* for Donna H. Feathler.