McCann, J.
INTRODUCTION
For the plaintiff, Barbara Legare, also the defendant-in-counterclaim, Steven M. Wise, Esq. For the defendants, Town of Milford and Anthony F. DeLuca, Gerald M. Moody, Esq.
BACKGROUND
The complaint of Barbara Legare (Legare) is in one count. It seeks a declaratory judgment against the Town of Milford (Town) and Anthony F. DeLuca in his capacity as the building commissioner (DeLuca) and seeks injunctive relief to restrain the Town from enforcing particular provisions of its Zoning By Law. DeLuca, as the building commissioner, filed a counterclaim in one count and seeks injunctive relief by ordering Legare to comply with the appropriate provisions of the Zoning By Laws of the Town of Milford.
FACTS
The facts in this case are not in dispute. Legare lives on a lot of land at 6 Carven Road, Milford, Massachusetts. The lot is 8,000 square feet. It has a single-family home and garage located on it.
The area in which 6 Carven Road is located is zoned Residential A (RA). A residential A (RA) allows for single- or two-family duplex homes on lots of no less than 8,000 square feet.
*287 The area in which Legare’s home on 6 Carven Road is located consists of similar-sized lots used for single-family or two-family residential purposes. Carven Road is a cul-de-sac road consisting of ten lots, the largest being 11 thousand two hundred square feet and the smallest 8,000 square feet.
Legare maintains on her property 9 dogs and a number (unspecified) of cats which she keeps on her premises for the reason as stated in her respective pleadings, “as beloved members of her family.” Legare does not breed dogs, raise dogs or train them at her home. In 2003, DeLuca, in his capacity as the building commissioner of Milford, ordered Legare to reduce the number of animals, dogs and cats, on her property to a number which would be in compliance with the terms of the Milford Zoning By Law, namely three. Legare declined to do so. Legare has never applied for or received a special permit from the Milford Zoning Board of Appeals to allow the keeping of “residential animals” at 6 Carven Road.
Section 2.3 of the Zoning By Laws prohibit “Animal Kennels” in a Residential A (RA) zoning district. Article IV defines an “animal kennel” as “a structure used for harboring and/or care of three (3) or more dogs and cats that are more than three (3) months old . . .” “Residential Animals” are allowed in Residential A (RA) Zoning District by a special permit issued by the Zoning Board of Appeals under Section 2.3. Article IV defines “Residential Animals” as follows: “animals . . . kept and maintained for the private use of the permanent residents of single- or two-family residential property, upon the issuance of a special permit by the Zoning Board of Appeals after a specific finding that the keeping of such animals . . . will not cause any discernable inconvenience or annoyance to abutters, and after a specific finding that the keeping of such animals is an accessory use to a single-family or two-family residence. Residential Animals shall not include three dogs or three cats or any household pet which is normally kept within a dwelling unit.”
G.L.c. 40A, §7 provides for the enforcement of zoning regulations and allows that the Superior Court shall have jurisdiction to enforce the provisions of c. 40A and any by-law adopted thereunder and may exercise the use of injunctive relief. Building Inspector of Peabody v. North East Nursery, Inc., 418 Mass. 401; Town of Eastham v. Clancy, 44 Mass.App.Ct. 901.
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. See Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. See id. at 17.
A party moving for summary judgment who does not bear the burden at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. See Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
It is undisputed that Legare maintains a single-family home on an 8,000-square-foot lot in an area zoned Residential A. There is also no question that she has at least 9 dogs and several cats on the premises. There are no material questions of fact presented to this Court, but simply a question of law regarding the interpretation of the Zoning By Law.
The Milford Zoning By Law prohibits keeping an “animal kennel” in a Residential A area. An “animal kennel” is defined as harboring and/or care of three or more dogs and cats. This Court finds that the keeping of nine dogs constitutes a kennel under the Zoning By Laws of the Town of Milford. The provision of that By Law is similar to the provision of G.L.c. 140, §136A which defines a kennel as every pack or collection of more than three dogs three months old or over owned or kept by a person on a single premises irrespective of the purpose for which they are maintained. That statute further requires that every person maintaining a kennel shall have a kennel license although the issuance of a kennel license is immaterial to the zoning enforcement question in these proceedings.
There is remedial relief to Legare under §2.3 of the Milford Zoning By Laws which provides that by special permit a person can seek permission to seek to have in excess of three dogs but only by special permit allowing for the notice to neighbors and a right to a hearing under G.L.c. 40A, §11, and appropriate findings as delineated in the Zoning By Laws.
This Court rules untenable the plaintiffs position that she is exempt from the “kennel” and “Residential Animal” provisions because the use of her 8,000-square-foot lot with a single-family residence is an “agricultural use,” and therefore exempt from local control by virtue of the provisions of G.L.c. 40A, §3. Legare relies upon Town of Sturbridge v. McDowell, 33 Mass.App.Ct. 924 (1933). The argument of Legare is misplaced as the facts of the present case are not at all consistent with the facts of the Town of Sturbridge v. McDowell case. There is not a scintilla of evidence in any of the pleadings that the dogs maintained by Legare are housed for breeding, raising and/or training of dogs. As pointed out in Sturbridge v. McDowell *288 dogs not owned or kept as breeding stock are not agricultural purposes. This Court rules that the agricultural use exemption claimed by Legare has no application in the present set of facts.
For the reasons stated, the Motion of Anthony F. DeLuca, as Building Commissioner of the Town of Milford is ALLOWED. The complaint of the plaintiff is dismissed. A permanent injunction shall issue against Barbara Legare and she is ORDERED to cease utilizing her 6 Carven Road property for the keeping of more than three domestic animal pets; and further she is to cease utilizing her 6 Carven Road property as a kennel in violation of the Milford Zoning By Laws.
The cross motion for summary judgment by the plaintiff, the defendant-in-counterclaim, is DENIED.
ORDER
The Motion for Summary Judgment by Barbara Legare as plaintiff and defendant-in-counterclaim is DENIED
The Motion for Summary Judgment filed by Anthony F. DeLuca, Building Commissioner, as a plaintiff-in-counterclaim against Barbara Legare, plaintiff and defendant-in-counterclaim, is ALLOWED. The complaint of Barbara Legare is DISMISSED. On the counterclaim, a Permanent Injunction shall issue against Barbara Legare ordering her to cease utilizing her 6 Carven Road property for the keeping of more than 3 domestic animal pets; and further ORDERING her to cease utilizing her 6 Carven Road property as a kennel in violation of the Milford Zoning By Laws.