Khurrum Chaudhry appeals from a judgment of divorce nisi entered in the Middlesex Probate and Family Court, requiring him to transfer $ 350,000 to his former wife, Iram Mahmood, and from the order denying his Mass. R. Dom. Rel. P. 60 (b) motion for relief from judgment. We affirm.
Background. The parties were married in Pakistan in 2007. Chaudhry obtained a work visa in connection with his employment at KAYAK, and the parties moved to Massachusetts with their two children. During the marriage, Chaudhry was the sole wage earner, while Mahmood was principally responsible for the children's care. In 2014, Mahmood moved to Virginia with the children, while Chaudhry remained in Massachusetts.
In January of 2015, Chaudhry filed a complaint for divorce in the Probate and Family Court. The central disputed issue during the divorce proceedings was the value of the marital estate. On his first financial statement, Chaudhry reported bank assets in the amount of $ 172,770. Mahmood, however, contended that Chaudhry was in possession of substantial additional marital assets which he had failed to disclose to the court. Following a two-day trial, a divorce judgment entered, requiring the husband to transfer $ 350,000 to Mahmood as an equitable division of the marital estate. The judge found that Chaudhry had concealed marital assets, as "$ 1,715,257 in after tax marital assets were generated in 2013 and 2014," yet there was "no logical explanation" for their disappearance. The judge further found that Chaudhry had "voluntarily" left his job at KAYAK earning $ 261,000 per year, and accepted a new position earning only $ 120,000 per year. In ordering Chaudhry to transfer $ 350,000 to Mahmood, the judge indicated that he was "mindful of the [h]usband's unfettered use of substantial funds which flowed into and through the marital partnership" and that it would be "inequitable" to leave the wife without "some level of financial stability" after the divorce. In response, Chaudhry filed a rule 60(b) motion for relief from judgment, which was denied. Chaudhry timely appealed from both the divorce judgment and the denial of his rule 60(b) motion.
Discussion. 1. Standard of review. Review of a judgment equitably dividing the marital estate in accordance with G. L. c. 208, § 34, requires a two-step analysis, considering (1) whether all relevant § 34 factors were weighed by the judge, and (2) "whether the reasons for the judge's conclusions are 'apparent in his findings and rulings.' " Adams v. Adams, 459 Mass. 361, 371 (2011), quoting Redding v. Redding, 398 Mass. 102, 108 (1986). "The appropriate weighing and balancing of the ... § 34 factors, and the resulting equitable division of the parties' marital property, is left to the judge's broad discretion[,] ... [and] will not be reversed 'unless it is plainly wrong and excessive.' " Salten v. Ackerman, 64 Mass. App. Ct. 868, 873 (2005), quoting Kittredge v. Kittredge, 441 Mass. 28, 43-44 (2004). See G. L. c. 208, § 34.
2. Analysis. Chaudhry challenges the second step of the analysis under G. L. c. 208, § 34, and argues that the property award to Mahmood was plainly wrong and excessive. Although Chaudhry raises a number of alleged errors, they all center on mathematical and tax errors regarding the valuation of his income and stock options. Such errors are the kind that require the aid of expert testimony, however, Chaudhry failed to present an expert at trial to testify as to how his income and stock options should be valued and taxed. We conclude that without the benefit of such expert testimony here, "[t]he judge cannot be faulted for fashioning an equitable division based on the information submitted ... [t]here was no abuse of discretion." Feathler v. Feathler, 33 Mass. App. Ct. 924, 925 (1992). See Adams, 459 Mass. at 389-390 ; Williams v. Massa, 431 Mass. 619, 629-630 (2000) ("In the absence of expert testimony on the subject, which would have been appropriate and undoubtedly helpful to the judge, we cannot say that the judge's valuation of the real estate, which is apparently based on the husband's figures, is in error"). Further, if a party does not "request the judge to consider particular tax consequences and [does] not introduce reasonably instructive evidence bearing on those tax issues, the probate judge is not bound to grapple with the tax issues." Fechtor v. Fechtor, 26 Mass. App. Ct. 859, 866 (1989).
The trial judge's division of the marital estate did not require "mathematical precision,"ibr.US_Case_Law.Schema.Case_Body:v1">2 id. at 861, and "the uncertainty of value of a party's interest does not necessarily require its exclusion from the marital estate." Canisius v. Morgenstern, 87 Mass. App. Ct. 759, 764 (2015). Without the aid of expert testimony, the trial judge adequately considered the requirements under G. L. c. 208, § 34, and reached a value that was proper. See Bernier v. Bernier, 449 Mass. 774, 785 (2007) (judge's valuation will stand unless clearly erroneous). The judge reasonably found that Chaudhry engaged in the hiding of marital assets and depleted his assets by intentionally lowering his income and spending down almost all of the marital assets. See Grubert v. Grubert, 20 Mass. App. Ct. 811, 822 (1985) (parties in a divorce proceeding have the obligation to provide adequate financial data and the "judge is entitled, barring special circumstances, to draw all reasonable inferences against a party who fails to do so"). Based on this, the trial judge reached a value that was proper.
Contrary to Chaudhry's argument, the judge did not find that Chaudhry's "loans adhering to Islamic tenets" made during the divorce were "inherently fraudulent." The judge did not make any findings concerning Chaudhry's religious beliefs. Rather, the judge considered Chaudhry's personal loans while determining his conduct in depleting marital assets and these loans were one of many factors that the judge considered in making this conclusion. The judge also considered Chaudhry's conduct in lowering his income by leaving his job, discrepancies in his financial statements, frivolous spending, and Chaudhry's hidden Bank of America account containing $ 551,224. Accordingly, the judge's findings indicate that he did not credit Chaudhry's various explanations in regards to the use and financing of his assets and credibility determinations are "quintessentially the domain of the trial judge." Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995). See Sagar v. Sagar, 57 Mass. App. Ct. 71, 74 (2003) (trial judge did not question husband's religion but made credibility finding regarding husband's reasons for wanting his child to engage in religious ceremony). The fact that the judge did not credit Chaudhry does not amount to a violation of his first amendment rights.
In conclusion, the judge's findings relating to the husband's waste and dissipation of the marital assets support the judgment on the equitable division of property in the wife's favor and the order denying the motion for relief from judgment.[3]
Judgment affirmed.
Order denying motion for relief from judgment affirmed.

The judgment reflects that the trial judge recognized that the division of marital assets could not be represented with "mathematical certainty."

A motion for relief from judgment is consigned to the judge's discretion. Because we see no reason to disturb the judgment, we affirm the order denying the motion.